IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                                   1:23-cr-00953-KWR

MICHAEL BRAND,

    Defendant.

## **ORDER DENYING MOTION FOR FURLOUGH**

THIS MATTER is before the Court on Defendant's Motion for Furlough (**Doc. 25**). On or about September 27, 2023, Defendant's fiancée died as a result of a car accident. Defendant seeks temporary release from pretrial detention for two days to attend the rosary and funeral of his fiancée. For the reasons stated below, the motion is denied.

Defendant was ordered detained pending trial, as the magistrate judge found there were no conditions or combinations of conditions which will reasonably assure the safety of the community or Defendant's appearance as required. Doc. 11 at 2. Moreover, the magistrate judge found a rebuttable presumption arose, and Defendant did not submit sufficient evidence to rebut the presumption. *Id.* at 2. The magistrate judge that the weight of the evidence is strong and Defendant is subject to a lengthy period of incarceration if convicted. *Id.* Moreover, the magistrate judge found that Defendant had prior a criminal history, a history of participation in criminal activity while on probation or supervision, a history of alcohol or substance abuse, a lack of stable employment, prior failures to appear in court as ordered, and prior violations of probation, parole, or supervised release. *Id.*

1

Defendant proposes temporary release for two days, while returning to the detention facility at night, and placement in the third-party custody of Mr. Scott Brand.

The Court has reviewed the record *de novo*, including but not limited to the pretrial services report and the Order of Detention Pending Trial (Doc. 11). The legal basis for Defendant's furlough motion is unclear. A judicial officer may grant temporary release from detention for compelling reasons. 18 U.S.C. § 3142(i). The decision whether to release a defendant temporarily under § 3142(i) is "intertwined with" the determination of whether any condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of any other person and the community. *See United States v. Alderete*, 336 F.R.D. 240, 269 (D.N.M. 2020). Assuming the undersigned has discretion to temporarily release Defendant, the Court finds there are no compelling reasons to order his temporary release, and there is no combination of conditions which will reasonably assure Defendant's appearance as required or the safety of the community. Therefore, the Court declines to order Defendant's temporary release.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE